

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 28, 1964

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Mr. Resweber:

Opinion No. C-316

Re: Construction of Article
4477-2, V.C.S., relating
to the levying of a tax
for mosquito control.

Your request for an opinion reads as follows:

"The Commissioners Court has requested
that this office obtain an opinion from you
on the following questions.

"1. Does Article 4477-2 V.C.S. author-
ize the Commissioners Court to levy a tax
not to exceed twenty-five cents on each One
Hundred Dollar Tax valuation in the county
(assuming that the same is authorized by an
election pursuant to Section 2 of said Arti-
cle) in addition to the constitutional limit
placed on the Commissioners Court by Article
8, Section 9, of the Texas Constitution?

"2. In the event your answer to the first
question is in the negative, is there any other
authority for the Commissioners Court to levy a
tax above the 80¢ limit prescribed by Article 8,
Section 9, of the Texas Constitution, for the
purpose of Mosquito Control?

"The local health authorities are of the
opinion that Harris County has an epidemic of
encephalitis, commonly known as 'sleeping sick-
ness.' These health authorities are further of
the opinion that the said disease is spread by
the female Culex mosquito. In view of the said
epidemic, the Commissioners Court feels that it
is necessary to undertake a program of mosquito
control within the county. However, Harris County
now has a tax rate of eighty cents (80¢) on the
One Hundred Dollars ($100.00) valuation, none of

which funds is presently available for mosquito control.

"The Commissioners Court is familiar with Opinion of the Attorney General No. V-1116, dated November 6, 1950. However, in view of the importance of the matter, they desire you to determine whether or not the amendments (subsequent to the date of said opinion) to Article 8, Section 9, of the Texas Constitution and Article 4477-2 V.C.S., would have the effect of permitting a tax for mosquito control over and above the 80¢ limit provided in Article 8, Section 9, of the Texas Constitution.

"In our opinion, the amendment of Article 8, Section 9, of the Texas Constitution did not in any way modify the 80¢ limit.

"The amendment of Section 1 of Article 4477-2 V.C.S. only made the act applicable to all counties and portions of counties instead of only entire counties bordering on the Gulf, as originally enacted. The amendments of Sections 2 and 4 of Article 4477-2 V.C.S. merely increased the maximum amount the county could expend for mosquito control under said article from 5¢ to 25¢ on each $100.00 tax valuation. Furthermore, even if the amendments to Article 4477-2 V.C.S. did purport to authorize a tax over and above the 80¢ constitutional limit, the amendment would be unconstitutional and of no force and effect.

"Passing to the second question, it will be noted that by Article 4418 f, V.C.S., the Commissioners Court is authorized to appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County. However, we find no authority for a tax over and above the 80¢ constitutional limit for such purposes.

"CONCLUSION

"Harris County is authorized to expend county funds for mosquito control. However, the levy of taxes for such purpose must be a part of the 80¢

constitutional limit prescribed by Article
8, Section 9, of the Texas Constitution.
In order to create a mosquito control dis-
trict with the power to levy taxes over
and above the 80¢ constitutional limit or
to authorize the county to levy taxes over
and above said limit, a constitutional amend-
ment would be necessary."

Article 4477-2, Vernon's Civil Statutes, as amended by
House Bill 721, Acts of the 57th Legislature, Regular Session
1961, chapter 498, page 1105, provides in part as follows:

"Section 1. In all counties of this
State, the Commissioners Court may call an
election within sixty (60) days after the
effective date of this Act, and at subse-
quent elections when called by the County
Judge upon his being petitioned by two hun-
dred (200) qualified voters to call such elec-
tion to determine if the qualified voters of
such county desire the establishment of a Mos-
quito Control District to embrace all or a por-
tion of the territory within said county, for
the purpose of eradicating mosquitoes in said
area. The form of the ballot shall be as fol-
lows:

"FOR the establishment of a Mosquito Con-
trol District in _____ County.

"AGAINST the establishment of a Mosquito
Control District in _____ County.

"Sec. 2. The Commissioners Court in each
county governed by the provisions of this Act
may call an election within sixty (60) days
after the effective date of this Act and at sub-
sequent elections when called by the County
Judge upon his being petitioned by two hundred
(200) qualified voters to call such election to
determine if the qualified real property taxpay-
ing voters of said county or portion of said
county desire a levy of a tax not to exceed
twenty-five cents (25¢) on each one hundred dol-
lar tax valuation to finance the program provided
in this Act. The form of the ballot shall be as
follows:

"FOR the levy of a tax of _____ cents on each one hundred dollar tax valuation to finance the Mosquito Control District within _____ County.

"AGAINST the levy of a tax of _____ cents on each one hundred dollar tax valuation to finance the Mosquito Control District within _____ County.

"Sec. 4. If the elections provided in Section 1 and Section 2 of this Act are in favor of the establishment of a Mosquito Control District and the levy of a tax not to exceed twenty-five cents (25¢) on each one hundred dollar tax valuation, the Commissioners Court is authorized to levy a tax not to exceed the amount fixed by the election; provided, however, that the Commissioners Court is authorized to lower the tax to any designated sum it may determine, should the approximate revenue be in excess of the needed revenue to carry out the provisions of this Act. The taxes so levied shall be collected by the County Tax Assessor and Collector and shall be deposited in a separate fund and be used for the purposes of carrying out the provisions of this Act and for no other purposes."

In Attorney General's Opinion V-1116 (1950), this office held:

"In view of the foregoing authorities, you are advised in answer to your second question that the tax levy authorized by Sections 2 and 4 of Article 4477-2 is not in addition to the constitutional limitation fixed by Section 9, Article VIII of the Constitution.

"In answer to your third question, it is our opinion that the cost of operating a Mosquito Control District created for public health purposes of the county must be paid out of the general fund. Att'y Gen. Op. V-567 (1948)."

The changes to Article 4477-2, Vernon's Civil Statutes, provided in the 1961 amendment, made the provisions of the Act applicable to all counties of the State rather than to the counties of the State which border on the Gulf of Mexico, and raised the authorized levy from not to exceed five cents on each $100.00 valuation, to an authorization of a levy not to exceed twenty-five cents on each $100.00 valuation. Therefore, the 1961 amendment did not affect the conclusions reached in Attorney General's Opinion V-1116.

In view of the foregoing, we agree with your conclusion that Harris County is authorized to expend county funds for mosquito control; however, the levy of taxes for such purpose must be a part of the 80¢ constitutional limit prescribed in Section 9 of Article VIII of the Constitution of Texas. In order to create a mosquito control district with the power to levy taxes over and above the constitutional limit prescribed in Section 9 of Article VIII of the Constitution of Texas, a constitutional amendment would be necessary.

## SUMMARY

A county is authorized to expend county funds for mosquito control; however, the levy of taxes for such purpose must be a part of the 80¢ constitutional limit prescribed by Section 9 of Article VIII of the Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Ivan Williams
Brady Coleman
Bob Richards

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler